# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JAMES JONES,**                                                                                    **PLAINTIFF**
**#114893**

### CASE NO. 4:20-CV-1454-LPR-BD

**GANN,** *et al.*                                                                                    **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedures for Filing Objections

This Recommendation has been sent to Judge Lee P. Rudofsky. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

Parties who do not file objections risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

### II.  Background and Screening

James Jones, a pre-trial detainee in the Saline County Detention Facility, filed this lawsuit without the help of a lawyer. He is proceeding *in forma pauperis* (IFP). (Doc. Nos. 1, 3)

In his complaint and amended complaint (Doc. Nos. 2, 5), Mr. Jones claims that Defendants violated his constitutional rights by failing to protect him, denying him access

to the courts, and denying him adequate medical care. In reviewing the complaint and amended complaint, the Court will assume the truth of Mr. Jones's allegations, as it must. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

    A.    Allegations against Defendants Whitworth and Gann

Mr. Jones alleges that on October 31, 2020, Defendants Whitworth and Gann placed him in C-Pod, even though he had told Defendant Whitworth that he had an "enemy" in C-Pod. (Doc. No. 2, p.4; Doc. No. 5, p.4) Mr. Jones does not allege that he suffered any physical injury as a result of any altercation after his placement in C-Pod; rather, he alleges that he suffered from a back injury and loss of sleep due to the fear he felt for six days. (Doc. No. 5, p.4) Mr. Jones requests compensation for his pain and suffering. He does not ask for any injunctive relief.

To state a failure-to-protect claim, Mr. Jones must allege facts showing that he faced a substantial risk of serious harm and that the Defendants knew of that risk but disregarded it. *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011); *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007); *Lenz v. Wade*, 490 F.3d 991, 995-996 (8th Cir. 2007). Significantly, Mr. Jones does not allege that any inmate in C-Pod was on his "enemy alert list"; instead, he merely alleges that *he considered* an inmate in C-Pod to be an enemy. Jails are justifiably cautious about adding to inmates' enemy alert lists without good cause; otherwise, inmates can effectively manipulate where they are placed by selectively designating inmates as "enemies."

B.     Claims against Defendant Parker

Mr. Jones alleges that he asked Defendant Parker for a complaint and grievance form, to no avail. (Doc. No 2, p. 4; Doc. No. 5, p.4) He concedes that he was able to use the kiosk to file a grievance, although it took him several days to find the kiosk. (Doc. No. 5)

There is no right to an internal grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir.2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993). Therefore, a prison official's failure to properly provide, process, or respond to a grievance, standing alone, are not actions that can support a constitutional claim for relief.

To the extent Mr. Jones claims that he was denied access to the courts, his allegations fall far short of stating a claim for relief. Mr. Jones has not alleged that he was "actually injured" with regard to a "nonfrivolous and arguably meritorious underlying legal claim" as a result of a delay in accessing grievance or complaint forms. *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). There is no allegation or implication that Mr. Jones sustained any injury as a result of Defendant Parker's alleged refusal to provide the requested forms.

C.     Claims of inadequate medical care

Mr. Jones claims that he did not receive proper medical treatment, but he does not provide any facts to support this claim. (Doc. No. 5, p.4). He does not allege that he suffered from an objectively serious medical need or that any Defendant knew of, but deliberately disregarded, that unidentified serious medical need. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Mr. Jones has failed to state a claim against any

Defendant for failure to provide constitutionally adequate medical care for a serious medical need.

D. Claims against Defendant Wright

Mr. Jones claims that Defendant Wright violated his rights by failing to take correct actions upon discovering misconduct. Specifically, he alleges that he asked to speak with Defendant Wright about his problems and wrote him a letter, but Defendant Wright did not respond. (Doc. No. 5, p.4)

A claim for corrective-inaction requires a showing of an underlying constitutional violation. Otherwise, there was nothing to "correct" from a constitutional-requirement standpoint. See *Latimore v. Widseth,* 7 F.3d 709, 716 (8th Cir. 1993) Here, Mr. Jones has not alleged facts to support any constitutional claim for relief; therefore, he has failed to state a claim against Defendant Wright for failing to take corrective action.

## III. Conclusion

Plaintiff James Jones has failed to state a claim for relief against any Defendant. Accordingly, the case should be summarily dismissed, without prejudice. Furthermore, the dismissal should count as a "strike" for purposes of 28 U.S.C. § 1915(g). The pending motion for leave to proceed IFP (Doc. No. 4) should be denied, as moot.

DATED this 13th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE